UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELTON SPANN O/B/O GILDA SPANN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2780** |
| **BOGALUSA CITY POLICE DEPARTMENT AND CHIEF KENDALL BULLEN** | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court are plaintiff Kelton Spann's motion to remand (Rec. Doc. 8), defendants Bogalusa City Police Department and Chief Kendall Bullen's opposition to motion to remand (Rec. Doc. 10), Spann's motion to supplement pleadings (Rec. Doc. 11), and defendants' opposition to motion to supplement pleadings (Rec. Doc. 12). For the reasons discussed below,

**IT IS ORDERED** that the motion to remand (Rec. Doc. 8) is **DENIED;** and

**IT IS FURTHER ORDERED** that the motion to supplement pleadings (Rec. Doc. 11) is **GRANTED.**

## FACTS OF THE CASE AND PROCEDURAL HISTORY

The instant dispute arises from a traffic stop. Rec. Doc. 8-3. In May 2020, as plaintiff Kelton Spann turned into the driveway of his property, he discovered that an unknown Bogalusa police officer was following him. *Id.* at 2. Spann indicated that he was not aware of the police officer's presence while he was driving because the officer did not administer any sirens – "only lights."

1

*Id.* After plaintiff pulled into his driveway, the officer ordered the plaintiff to get out of his vehicle and informed him that plaintiff failed to use his turn signal. *Id.* at 2-3.

According to the state complaint, the officer dispatched the Department of Motor Vehicle database. *Id.* at 3. The plaintiff alleged that the dispatch revealed to the officer over the police radio that the plaintiff had active insurance on the vehicle. *Id.* Additionally, plaintiff alleged that the officer observed his car insurance paperwork in the glove department when he searched plaintiff's vehicle. *Id.* However, the officer still ordered to have plaintiff's vehicle towed. *Id.*

On May 23, 2020, plaintiff's mother Gilda Spann received a hearing notice from MEA Tow Truck, LLC. *Id.* at 1. On May 30, 2020, Kelton Spann on behalf of his mother forwarded a certified letter to defendant Kendall Bullen Chief of the Bogalusa City Police Department, requesting an administrative hearing pursuant to La. R.S. 32:1727. *Id.* Bullen never responded to plaintiff's letter. *Id.* at 2.

On August 3, 2020, the Freelance Paralegal Service on behalf of plaintiff sent defendant a demand letter for an administrative hearing and damages pursuant to La. R.S. 32:1727 "due to his department disrespect of the law." *Id.* Upon receiving the demand letter, defendant Bullen told plaintiff during a phone call that

2

his department does not provide an administrative agency hearing. *Id.*

On or about September 3, 2020, plaintiff filed a petition for damages in the 22nd Judicial District Court for the Parish of Washington, State of Louisiana. *Id.;* Rec. Doc. 1 at 1. The plaintiff alleged therein that the Bogalusa Police Officer acted with "discriminatory motives and/or reasons that are in violation of the Louisiana and United States Constitution." *Id.* at 3. Plaintiff further alleged that "the officer had no legal justification to authorize the towing of plaintiff['s] vehicle and it was done intentionally motived [sic] by discrimination." *Id.*

On September 25, 2020, defendants removed the matter to this Court based on the plaintiff's allegations that defendants violated his rights provided by the U.S. Constitution. Rec. Doc. 10 at 1; *see* Rec. Doc. 1. As such, defendants argue that federal jurisdiction exists pursuant to 28 U.S.C. § 1331 as the plaintiff's federal claims "raise substantial federal questions which must be interpreted using federal common law." Rec. Doc. 1 at 2.

On November 16, 2020, plaintiff filed the pending motion to remand to state court. Rec. Doc. 8-1. Plaintiff generally alleges the mere presence of a federal issue in a state cause of action does not confer federal question jurisdiction. *Id.* at 6.

On November 20, 2020, defendants timely filed an opposition to the motion to remand. Rec. Doc. 10. Defendants argue that

3

federal jurisdiction is proper, given plaintiff's continuous claims that his federal rights under the U.S. Constitution were violated. *Id.*

On December 12, 2020, plaintiff also filed the pending motion to supplement pleadings. Rec. Doc. 11. Plaintiff and his mother seek to file a supplemental complaint, raising a retaliation claim on behalf of his mother Gilda Spann against the defendants pursuant to 42 U.S.C. § 1983. *See* Rec. Doc. 11-4. In their supplemental complaint, they allege that on or about November 4, 2020, five Bogalusa City police officers arrived at his mother's residence and entered the property without her authority using intimidation tactics.[1] Rec. Doc. 11-4 at 3. Plaintiff asserts that the officers' unauthorized entry was for retaliatory purposes. *Id.* at 4. Plaintiff maintains that the attached supplemental pleading is currently in the state record but seeks to have the pleading filed in this Court. Rec. Doc. 11 at 1.

On January 4, 2021, defendants timely opposed the motion to supplement pleadings, arguing that the plaintiff impermissibly seeks to amend his complaint after the agreed upon December 18, 2020 deadline. Rec. Doc. 12 at 1-2. Moreover, defendants argue that plaintiff's motion does not comply with Local Rules 7.4 and 7.6. *Id.* at 2.

---

[1] While plaintiffs allege that officers entered the mother's "property," it is unclear whether they entered her home. *See* Rec. Doc. 11-4.

4

**LAW AND ANALYSIS**

    **A. Motion to Supplement Pleadings**

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) illustrates a liberal amendment policy that "is strongest when the motion challenged is the first motion to amend." *Connerly v. Option One Mortgage Corp.*, No. 07-0649, 2007 WL 9813020, at *2 (E.D.La. Oct. 23, 2007)(citing *Thompson v. New York Life Ins. CO.*, 644 F.2d 439, 444 (5th Cir. 1981)).

Plaintiffs' request is subject to Federal Rule of Civil Procedure 16(b), which states that "a schedule shall not be modified except on a showing of good cause." Fed. R. Civ. Proc. 16(b). In determining whether amendment should be granted, courts consider certain factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981).

Plaintiff indicated that he filed the supplemental pleading in state court in October 9, 2020, to which defendants have not yet answered because the matter was already removed to this Court. Rec. Doc. 11 at 1. Defendants do very little to overcome a showing

5

of good cause as their motion merely raises a general opposition to plaintiff's motion and lacks any case authority or legal arguments. *See* Rec. Doc. 12.

This Court has no reason to believe that plaintiff's request to supplement his complaint by adding his mother and her claims was a product of undue delay, bad faith or dilatory motive, considering that he filed the pending motion only three days following the deadline to amend. This is plaintiff's first motion to supplement pleadings which is subject to the "liberal amendment policy" of Rule 15(a). Defendants have not shown prejudice from the late amendment.

Because defendants fail to identify any ground that may compel this Court to not find good cause, plaintiff's motion to supplement the complaint is granted. Thus, plaintiff's supplemental complaint containing retaliation claims under 42 U.S.C. § 1983 on behalf of his mother Gilda Spann shall be filed into the record.

**B. Motion to Remand**

When a case is removed to federal court, "the removing party bears the burden of proving that the court has jurisdiction to hear the claim." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Moreover, when the removing party claims federal question jurisdiction under 28 U.S.C. §§ 1331 or 1441, that party "must demonstrate that the Court will be exercising its jurisdiction over a civil action 'arising under the Constitution,

laws, or treaties of the United States.'" *Edinburg United Police Officers Association v. City of Edinburg, Texas*, No. 7:20-cv-00137, 2020 WL 4346890, at *2 (S.D.Tex. July 29, 2020)(citing 28 U.S.C. §§ 1331, 1441(a)). As such, the removing party bears the burden of showing that a federal question exists. *Id.* Any ambiguities shall be construed against removal because "the removal statute is strictly construed in favor of remand." *Lorenz v. Texas Workforce Com'n*, 211 F.App'x 242, 245 (5th Cir. 2006).

The Supreme Court stated, "we have long held that the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1988)(internal quotes omitted)(quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). The Court continued thereafter, "a defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.*

"As a corollary to the well-pleaded complaint rule, when Congress so completely preempts a particular area of law, any civil complaint raising a state claim in that area of law is necessarily federal in character." *Ortiz v. Hillard*, No. H-10-mc-0156, 2010 WL 2195652, at *1 (S.D.Tex. June 1, 2010)(citing *Metro. Life Ins. v. Taylor*, 491 U.S. 58, 63 (1987)). However, courts have held that the "complete preemption" exception does not apply to Section 1983

7

claims because "nothing in the history of that legislation suggests Congress intended to preempt the civil rights area." *In re Alberta*, Nos. 4-1910, 14-1911, 14-1912, 14-1913, 2014 WL 5782820, at *4, n. 12 (E.D.La. Nov. 6, 2014)(citing *Brumfield v. City of Baker*, No. 11-507, 2011 WL 5178267, at *2 (M.D.La. Sept. 30, 2011)).

In *Warner v. Whitney Corp.*, the plaintiff alleged in his state complaint that the defendants' actions amounted to "an unconstitutional seizure and conversion of his property without due process of law and notice as guaranteed by the Louisiana and United States Constitutions." No. Civ.A 01-2103, 2011 WL 1083771, at *1 (E.D.La. Sept. 14, 2001) (Vance, J.). Because the plaintiff expressly alleged that his cause of action arose under the U.S. Constitution and 42 U.S.C. § 1983, the Court was satisfied in finding federal jurisdiction pursuant to 28 U.S.C. § 1331. *Id.*

By contrast, in *Patrick v. McLaughlin*, the court granted the plaintiff's motion to remand because he did not allege a cause of action under federal law even though it was available to him. No. 06-2102, 2007 WL 1229024, at *2 (W.D.La. March 9, 2007); *see Smith v. Bank One Corp.*, No. Civ.A 03-3372, 2004 WL 1274480, at *2 (E.D.La. June 7, 2004)("the conclusory mention that a private actor's conduct violates civil and constitutional rights does not satisfy the well-pleaded complaint rule."). The court held, "the fact that he omitted references to the U.S. Constitution, 42 U.S.C.

8

§ 1983, and the Civil Rights Act in this suit is a strong indication that he intended to proceed under state law." *Id.*

Plaintiff erroneously states the instant complaint "asserts no federal claims" and only alleges violations of state law when his original state complaint and supplemental complaint indicate otherwise. Rec. Doc. 8-1 at 3. Like *Warner*, plaintiff makes clear references to the U.S. Constitution and Section 1983. Throughout both pleadings, plaintiff expressly alleges that defendants' denial to an administrative hearing and unauthorized entry onto his mother's property were violations of their rights proscribed by the U.S. Constitution and state laws. *See* Rec. Doc. 8-3 at 3; Rec. Doc. 11-4 at 3-4. Unlike the plaintiff in the *Patrick* case, plaintiff did not intentionally frame his complaint to omit any mention of federal law.

New Orleans, Louisiana this 8th day of April, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE