UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KELTON SPANN O/B/O                            CIVIL ACTION
GILDA SPANN

VERSUS                                        NO. 20-2780

BOGALUSA CITY POLICE DEPARTMENT               SECTION "B"(3)
AND CHIEF KENDALL BULLEN

<u>ORDER AND REASONS</u>

Before the Court is plaintiff's opposed motion for reconsideration (Rec. Docs. 28, 29, 30). For the following reasons,

**IT IS ORDERED** that the motion (Rec. Doc. 28) is **DENIED**.

I.   **FACTS AND PROCEDURAL HISTORY**

The facts of this case are laid out in greater detail in the Order and Reasons granting defendants' motion for summary judgment on the issue at bar and are incorporated by reference here. Rec. Doc. 26. In brief, this suit arises from the defendants Chief Kendall Bullen and the Bogalusa City Police Department alleged failure to provide the plaintiff with an administrative hearing after the Bogalusa City Police towed Gilda Spann's car. Rec. Doc. 1-1 at 3. According to the plaintiff, the defendants' failure to provide him an administrative hearing violated Louisiana Revised statute § 32:1727 and other procedural due process laws. *Id.*

On or about August 3, 2021, the defendants filed a motion for summary judgment seeking to dismiss all the plaintiff's claims. Plaintiff intentionally chose not to file an opposition to the

1

defendants' motion. On September 23, 2021, this Court issued an order and reasons granting defendants' motion for summary judgment dismissing plaintiff's claims with prejudice.

On or about October 14, 2021, plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Rec. Doc. 28.  He asserts the failure to file an opposition to the motion for summary judgment was due to his erroneous belief that a scheduled settlement conference in the case somehow rendered the pending motion for summary judgment moot. *Id.*  On or about November 2, 2021, defendants timely filed an opposition to reconsideration citing plaintiff's failure to provide new facts or law in support of reconsideration. Rec. Doc. 29. Plaintiff's reply restates allegations and argument made in the original and amending complaints. Rec. Doc. 30.

II.  **LAW AND ANALYSIS**

A party may submit a motion seeking reconsideration under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. Fed. R. Civ. Proc. 54(b); A*dams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada*, AFL-CIO, Loc. 198, 495 F. Supp. 3d 392, 395 (M.D. La. 2020). This Court weighs four factors in deciding a motion to reconsider under Rule 59(e): (1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) the

initial decision was manifestly unjust; or (4) an intervening change in law alters the appropriate outcome. *Wiley v. Dep't of Energy*, No. CV 21-933, 2021 WL 2291135 (E.D. La. June 4, 2021); *Hightower v. Grp. 1 Auto., Inc*, No. CV 15-1284, 2016 WL 3430569 (E.D. La. June 22, 2016).

A motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003). Furthermore, a motion for reconsideration should be denied when the movant rehashes legal theories and arguments that were raised or could have been raised before the entry of the judgment. *See Templet v. HydroChem Inc*., 367 F.3d 473, 478-79 (5th Cir. 2004). Old arguments that are merely reconfigured by the moving party do not support a motion for reconsideration. *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316, n.18 (S.D. Tex. 1994). When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471 (M.D. La. 2002). It is with these principles in mind that we turn to address the plaintiff's motion for reconsideration. *See* Rec. Doc. 26

Reconsideration of the previous judgment is not appropriate. This Court granted the defendants' motion for summary judgment

because the plaintiff failed to file an opposition **and** because the defendants' motion had merit. *See* Rec. Doc. 26. Plaintiff erroneously presumed "no Court would schedule a settlement conference if a summary judgment was pending." Rec. Doc. 28.

A Rule 59(e) motion does not provide the plaintiff with a second chance to present an argument to this Court that could have and should have been offered before the entry of judgment. *See Ganpat v. E. Pac. Shipping, PTE, Ltd., No*., CV 18-13556, 2020 WL 1046336, at *2 (E.D. La. Mar. 4, 2020) (quoting *Lacoste v. Pilgrim Int'l, No.*, CIVA 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009)) ("A motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

Local Rule 7.5 of the Eastern District of Louisiana ("EDLA") expressly states:

> Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date. If the opposition requires consideration of facts not in the record, counsel must also file and serve all evidence submitted in opposition to the motion with the memorandum. [Amended February 1, 2011]

Un-represented parties like represented ones are equally responsible for timely complying with all court orders, deadlines, local and federal rules, including making timely notice of contact information and record checks. The Fifth Circuit has stated that

4

Courts construe Pro Se litigants' pleadings liberally. *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983). However, Pro Se litigants are not exempt from compliance with the relevant rules of procedure and substantive law. *Wells v. Ali*, 304 Fed. Appx 292, 293 (5th Cir. 2008); *Birl v. Estelle*, 660 F.2d 592,593 (5th Cir. 1981). There is no exemption for presuming "no Court would schedule a settlement conference if a summary judgment was pending."

We have again liberally construed the pro se filed petitions. However, like all un-represented and represented parties, plaintiff is not exempt from compliance with the above-stated rule of procedure. EDLA LR 7.5. Construing plaintiff's failure as an acknowledged intentional act on his part, or as one based on ignorance of the rule, his noncompliance is inexcusable. Baseless presumptions do not override express rules of procedure. Further, plaintiff does not identify an intervening change in controlling law, newly discovered evidence that was previously unavailable, nor a manifest error to warrant reconsideration of the previous ruling at issue.

For example, plaintiff Kelton Spann, movant herein, does not dispute that he previously entered guilty pleas in state court to several misdemeanor traffic offenses, including failure to signal a turn, expired motor vehicle inspection, and expired license plate. As explained in the previous order and reasons, his attempts to base this § 1983 action on alleged illegalities

surrounding the traffic stop by defendants fail to rebut application of *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Rec. Doc. 26, pp. 10-13. Plaintiff offers no admissible evidence rebutting defendants' statement of facts found at record document 18-2 in support of the summary judgment motion, and exhibits noted therein including un-refuted relevant videos from body cameras worn by arresting officers. Other than broad conclusions about defendant's intent and a general undocumented remark regarding a non-party's alleged incident with a defendant, plaintiff fails to show material factual disputes to withstand summary disposition. *Woods v. Smith*, 60 F. 3d 1161, 1166 (5th Cir. 1995); *Keenan v. Tejeda*, 290 F. 3d 252, 258 (5th Cir. 2002).

For reasons stated in the previous order and reasons and here, reconsideration is denied.

New Orleans, Louisiana this 22nd day of November, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE